17-1303-cv
*Montefiore Medical Center v. Local 272 Welfare Fund*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT:
        DEBRA ANN LIVINGSTON,
        GUIDO CALABRESI,
            *Circuit Judges*,
        EDGARDO RAMOS,
            *District Judge*.*

————————————————————————

MONTEFIORE MEDICAL CENTER,

        *Plaintiff-Appellee*,

      v.                                    17-1303-cv

LOCAL 272 WELFARE FUND, MARC GOODMAN, in his official capacity as Fund Manager of Local 272 Welfare Fund,

        *Defendants-Appellants*,

————————————————————————

For Plaintiff-Appellee:                JOHN G. MARTIN (Marc A. Sittenreich, *on the brief*), Garfunkel Wild, P.C., Great Neck, New York.

———————————

* Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendants-Appellants: JANE LAUER BARKER (Andrew D. Midgen, *on the brief*), Pitta LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*; Netburn, *M.J.*) entered March 31, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Local 272 Welfare Fund and Marc Goodman (collectively, the "Fund") appeal from a March 31, 2017 judgment of the United States District Court for the Southern District of New York granting Plaintiff-Appellee Montefiore Medical Center's ("Montefiore") motion for summary judgment and denying the Fund's motion for summary judgment. At issue is the rate, under an Employee Retirement Income Security Act of 1974 ("ERISA") Summary Plan Description (the "Plan"), the Fund is to pay Montefiore for emergency hospital services the Fund's participants and beneficiaries received at Montefiore. The crux of this appeal is a disagreement regarding the proper interpretation of the language italicized below:

> **Out-of-network services** are services provided by a licensed provider outside of the Plan's network. When you select out-of-network services that are covered by the Plan:
> . . .
> - In addition to your normal copay or coinsurance, you must also pay any difference between the amount that an out-of-network provider charges and *the maximum amount the Plan would have paid an in-network provider for the same service*.

J.A. 101 (bold in original) (emphasis added). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* a district court's grant of summary judgment, "construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor." *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). We affirm only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). "Where, as here, there are cross-motions for summary judgment, 'each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.'" *Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*, 628 F.3d 46, 51 (2d Cir. 2010) (quoting *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

In interpreting an ERISA plan, "we apply federal common law, not state law, in interpreting the beneficiary's entitlements." *Lifson v. INA Life Ins. Co.*, 333 F.3d 349, 352 (2d Cir. 2003) (per curiam) (citations omitted). But because "ERISA federal common law is largely informed by state law principles[,]" *id.* at 352–53 (citing *Masella v. Blue Cross & Blue Shield, Inc.*, 936 F.2d 98, 107 (2d Cir. 1991)), we still "apply familiar rules of contract interpretation in reading an ERISA plan," *id.* at 353 (citing *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002)). We review ERISA plans "as a whole, giving terms their plain meanings." *Fay*, 287 F.3d at 104. Because ERISA plans "shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan[,]" 29 U.S.C. § 1022(a), "[w]e interpret ERISA plans in an ordinary and popular sense as would a person of average

3

intelligence and experience." *Critchlow v. First UNUM Life Ins. Co.*, 378 F.3d 246, 256 (2d Cir. 2004) (citations and internal quotation marks omitted). Thus, "[t]erms in the Plan must be construed in accordance with the reasonable expectations of the insured." *Lifson*, 333 F.3d at 353 (citations omitted).

"'Whether contract language is ambiguous is a question of law that is resolved by reference to the contract alone.'" *Fay*, 287 F.3d at 104 (quoting *O'Neil v. Ret. Plan for Salaried Emps. of RKO Gen., Inc.*, 37 F.3d 55, 58–59 (2d Cir. 1994)). Thus, as under state contract law, "[l]anguage whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation." *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989). There is no ambiguity where one party's proffered interpretation "would 'strain[] the contract language beyond its reasonable and ordinary meaning.'" *Id.* (quoting *Bethlehem Steel Co. v. Turner Constr. Co.*, 2 N.Y.2d 456, 459 (1957)).

Upon review, we conclude that the district court properly granted Montefiore's motion for summary judgment. We affirm for substantially the reasons stated in the magistrate judge's thorough and well-reasoned December 2, 2016 Report and Recommendation, which, on March 31, 2017, the district court adopted in its entirety. In particular, we discern no error in the district court's adoption of the magistrate judge's determination that "the out-of-network provision unambiguously requires the Fund 'to determine what it pays its various in-network providers for a particular service, and then select the 'maximum,' or highest, amount.'" S.A. 12 (quoting S.A. 26). We thus agree that the Plan's language is unambiguous and mandates that the Fund determine the rates it pays *all* of its in-network providers for a certain service and then select the maximum rate among the various in-network provider rates. Despite the Fund's arguments to the

4

contrary, the Plan's plain text – although perhaps unartfully drafted by (and against the interest of) the Fund – is clear, and to interpret the Plan otherwise would require us impermissibly to overlook, and rewrite, the Plan's language.   But, as in state contract law, we "may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with [our] instinct for the dispensation of equity upon the facts of a given case."   *Cruden v. Bank of N.Y.*, 957 F.2d 961, 976 (2d Cir. 1992) (internal citations omitted). Accordingly, the district court did not err in awarding Montefiore summary judgment.

We have considered all of the Fund's remaining arguments and find them to be abandoned or without merit.[1]   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In addition to the Plan interpretation argument maintained on appeal, the Fund raised two additional contentions below, which the Fund has abandoned because it has not pressed them on appeal.  *See* Fed. R. App. P. 28(a)(8)(A); *Bozeman v. United States*, 780 F.2d 198, 199 n.4 (2d Cir. 1985).   The first argument challenged Montefiore's standing and the second contention went to the applicable standard of review.